IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRIAN L. LETTERMAN,<br><br>    Petitioner,<br><br>vs.<br><br>MS. COSTLEY, Acting Warden, and her Successors in Office,<br><br>    Respondent. | )<br>)<br>)<br>)<br>)   Case No. 3:22-cv-2817-DWD<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

Petitioner, an inmate at FCI Greenville, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1), seeking relief pursuant to 18 U.S.C. § 3584 and U.S.S.G. § 5G1.3. However, the Court found it required additional information related to Petitioner's claims. (Doc. 7); Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts.[1] Thus, Petitioner was directed to file an Amended Petition.

Petitioner has now filed his Amended Petition (Doc. 8), noting he was sentenced in the United States District Court for the Western District of Missouri on April 26, 2022. (Doc. 8, pg. 1). Petitioner states, on or about May 22, 2019, he was arrested for the crime related to the underlying federal case, then "loaned" to the State of Missouri to resolve an outstanding parole violation. (Doc. 8, pg. 6). According to Petitioner, on September 1,

---

[1] Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts states, "[t]he district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)." Therefore, although the Petition is filed under § 2241, those rules apply. *See Hudson v. Helman*, 948 F. Supp. 810 (C.D. Ill. 1996) (citing *Kramer v. Jenkins*, 108 F.R.D. 429, 431 (N.D. Ill. 1985)).

2022, the Bureau of Prisons ("BOP") "failed to accredit 36 months of qualified non-federal presence time…toward service of [his] federal sentence—time spent in Missouri state custody on [the] related…state sentence/parole violation," as was intended by the sentencing court. (Doc. 8, pgs. 2, 6, 10-12). Petitioner indicates he filed three administrative appeals of this decision, which were denied by the BOP. (Doc. 8, pgs. 2-3).

Now, the Court may conduct a preliminary review of the Amended Petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which states: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Here, given the limited record available, it does not "plainly appear[]" Petitioner is entitled to no habeas relief. *See* 18 U.S.C. § 3584; U.S.S.G. § 5G1.3. Accordingly, without commenting on the merits, the Court **FINDS** the Amended Petition survives a Rule 4 preliminary review. Respondent is **ORDERED** to file an answer or other pleading on or before **Monday, July 17, 2023**. Petitioner shall then have until **Wednesday, August 16, 2023**, to file a Reply. This Memorandum & Order does not preclude Respondent from raising any objection or defense to the Amended Petition. Service on the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service. Petitioner is **ADVISED** of his continuing obligation to keep the Clerk of the Court and opposing counsel apprised of changes in his whereabouts. Petitioner shall notify the Clerk of the Court and opposing counsel of a transfer or a change of address, in writing, within 7 days. The failure to do so may result in a dismissal of the case. *See* Fed. R. Civ. P. 41(b).

**SO ORDERED.**

Dated: June 16, 2023

s/ *David W. Dugan*

DAVID W. DUGAN
United States District Judge

3