IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| BRIAN L. LETTERMAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 3:22-cv-2817-DWD |
| | ) | |
| THOMAS LILLARD, Warden, FCI | ) | |
| Greenville, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

Before the Court is Petitioner's Amended Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (Doc. 8). Respondent filed a Response in Opposition to that Amended Petition. (Doc. 16). As explained below, the Amended Petition is **DENIED**.

## I. BACKGROUND

Petitioner, while an inmate at FCI Greenville, filed his Amended Petition (Doc. 8), noting he was sentenced in the United States District Court for the Western District of Missouri on April 26, 2022. (Doc. 8, pg. 1).[1] Petitioner states, on or about May 22, 2019, he

---

[1]The Court observes, when Petitioner filed this action, he was an inmate at FCI Greenville. Since the Court has received no Notice of Change of Address from Petitioner, as required by the advisement at Doc. 5, the docket continues to reflect that Petitioner is located at FCI Greenville. However, the Bureau of Prisons ("BOP") website indicates Petitioner is an inmate at Atwater USP. The issue is inconsequential, though, since "[w]hether the court has jurisdiction over the custodian is determined at the time the petition is filed." *Ross v. Mebane*, 536 F.2d 1199, 1201 (7th Cir. 1976) (citing *Smith v. Campbell*, 450 F.2d 829, 831-832 (9th Cir. 1971); *Harris v. Ciccone*, 417 F.2d 479, 480 n. 1 (8th Cir. 1969), certiorari denied, 397 U.S. 1078 (1970); *Bishop v. Med. Superintendent of Ionia State Hosp.*, 377 F.2d 467, 468 (6th Cir. 1967)); *see also Roeding v. Warden of FCI Greenville*, No. 19-cv-959, 2021 WL 3631150, *1 (July 13, 2021) (according with this principle and further stating: "[T]he Court retains jurisdiction over this matter because jurisdiction was proper in this District when Petitioner filed his Petition."). Accordingly, the Court retains jurisdiction in this case.

was arrested for the crime related to the underlying federal case, then "loaned" to the State of Missouri to resolve an outstanding parole violation. (Doc. 8, pg. 6). According to Petitioner, on September 1, 2022, the BOP "failed to accredit 36 months of qualified non-federal presentence time…toward service of [his] federal sentence—time spent in Missouri state custody on [the] related…state sentence/parole violation," as was intended by the sentencing court. (Doc. 8, pgs. 2, 6, 10-12). Petitioner indicates he initiated, without success, three administrative appeals of this decision. (Doc. 8, pgs. 2-3).

The Court entered an Order for the Service of Process on Respondent, finding the Amended Petition survived a preliminary review. (Doc. 9). Respondent filed a Response in Opposition to the Amended Petition, arguing: (1) Petitioner did not exhaust his administrative remedies before filing this action; and (2) in any event, Petitioner's sentence has been properly calculated. (Doc. 16, generally). Petitioner did not file a Reply in Support of the Amended Petition. (Doc. 9). The Amended Petition is resolved below.

## II. ANALYSIS

Upon review of the parties' submissions, the Court concludes it must agree with both of Respondent's arguments. First, Respondent is correct that Petitioner did not fully exhaust his administrative remedies. Petitioner clearly attempted, at least initially, to appeal the denial of his request for relief. (Doc. 8, pgs. 2-3). However, his appeals were unsuccessful due to procedural deficiencies. (Doc. 16-1, pgs. 3-4) (Declaration of Ms. Danielle Matz, who is employed by the BOP as the Administrative Remedy Clerk at FCI Greenville). Rather than continue trying, he decided not to perfect a full administrative appeal. *See* 28 C.F.R. § 542.15(a) ("Appeal to the General Counsel is the final

2

administrative appeal."); (Doc. 16-1, pg. 4) ("Nothing further has been received from Letterman regarding this issue. Accordingly, the Office of General Counsel has not received a properly completed appeal with respect to this issue.") (internal citation omitted). It is also notable, again, that Petitioner did not file a Reply in Support of his Amended Petition, in which he could have rebutted this first argument. These circumstances, by themselves, would warrant a denial of the Amended Petition along with a dismissal of this action without prejudice. *See Richmond v. Scibana*, 387 F.3d 602, 604 (7th Cir. 2004) ("A common-law exhaustion rule applies to § 2241 actions."); *accord Mays v. Dart*, 453 F. Supp. 3d 1074, 1088 (N.D. Ill. 2020).

In any event, though, the Court agrees with Respondent's second argument, which pertains to the merits of the Amended Petition. After Petitioner was arrested by the Springfield, Missouri Police Department on May 22, 2019, the State of Missouri revoked his parole. *U.S. v. Letterman*, No. 19-cr-3153-3, Doc. 125 (W.D. Mo. April 26, 2022); (Doc. 16-2, pgs. 2, 9-10) (Declaration of Ms. Juannetta Hayes, who is employed by the BOP as a Management Analyst at the Designation and Sentence Computation Center). Petitioner was then reincarcerated in the Missouri Department of Corrections. (Doc. 16-2, pgs. 2, 9-10). It was not until November 6, 2019, that Petitioner was federally indicted in the Western District of Missouri. *Letterman*, No. 19-cr-3153-3, Doc. 1 (W.D. Mo. Nov. 6, 2019); (Doc. 16-2, pgs. 2, 13-17). That court issued a writ of habeas corpus *ad prosequendum* on December 3, 2019, which authorized the United States Marshals Service to take temporary custody of Petitioner to facilitate his Initial Appearance and Arraignment in federal court. *Letterman*, No. 19-cr-3153-3, Doc. 19 (W.D. Mo. Dec. 3, 2019); (Doc. 16-2, pgs. 2, 25, 27-29).

Clearly, though, as a matter of fact and law, Petitioner remained in the primary custody of the State of Missouri at that time. *See Jake v. Herschberger*, 173 F.3d 1059, 1061 n. 1 (7th Cir. 1999) ("Because the receiving sovereign merely obtains limited jurisdiction over the 'borrowed' prisoner [pursuant to a writ of habeas corpus *ad prosequendum*], the prisoner is still under the jurisdiction of the sending sovereign, and is considered to be in the custody of the sending sovereign not the receiving sovereign."); *Letterman*, No. 19-cr-3153-3, Doc. 1-3 (W.D. Mo. Nov. 6, 2019); (Doc. 16-2, pgs. 2, 5, 9-10, 22, 51). And, in light of the fact that Petitioner was serving his sentence in the State of Missouri before his federal sentence on April 26, 2022, which was to run concurrent to the undischarged term of Petitioner's sentence in the State of Missouri, the BOP is expressly prohibited from crediting the 36 months at issue toward his federal sentence. *See* 18 U.S.C. § 3585(b) ("A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences — (1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; *that has not been credited against another sentence.*") (Emphasis added); *Letterman*, No. 19-cr-3153-3, Docs. 126 & 127 (W.D. Mo. April 26 and 27, 2022); (Doc. 16-2, pgs. 3, 31-36, 41-43, 50-51). Petitioner was returned to the custody of the Missouri Department of Corrections on May 5, 2022, with the Judgment from the Western District of Missouri lodged as a detainer. (Doc. 16-2, pgs. 3, 27). He was taken into the exclusive and primary custody of the BOP on June 24, 2022. (Doc. 16-2, pgs. 3, 38).

4

Under these circumstances, the Court concludes the BOP was correct to compute Petitioner's federal sentence from April 26, 2022, when it was laid down by the Western District of Missouri, and to designate the Missouri Department of Corrections as the facility for initial service of the federal sentence. *See* 18 U.S.C. § 3585(b); *see also* 18 U.S.C. § 3621(b) ("The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the [BOP], *whether maintained by the Federal Government or otherwise* and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable.") (Emphasis added); *Taylor v. Lariva*, 638 Fed. App'x 539, 541 (7th Cir. 2016) ("Under § 3621, the BOP may designate nunc pro tunc a state prison that once housed an inmate as the place of confinement for the inmate's federal sentence, effectively allowing the state and federal sentences to run concurrently. And the BOP has 'wide discretion' over that designation.") (internal citations omitted); (Doc. 16-2, pgs. 42-43) (quoting BOP Program Statement 5880.28, *Sentence Computation Manual* (CCCA of 1984), for the following proposition: "Upon receipt of the judgment and commitment from the U.S. Marshals' Service that orders the federal sentence to be served concurrently with the non-federal sentence, the RISA shall, in accordance with 18 U.S.C. § 3621(b), designate the non-federal facility as the place to serve the federal sentence and complete the other procedures required by the Program Statement on Designation of State Institution for Service of Federal Sentence, for executing this type of concurrent sentence."). Based on these same authorities, it is inconsequential that Petitioner was taken into primary federal custody on June 24, 2022. To put it even more simply,

5

Respondent is correct that it was impossible for Petitioner to begin his federal sentence, and for that federal sentence to run concurrent with a state sentence, before the federal sentence was imposed. *See Matlock v. Sproul*, No. 22-cv-2999, 2023 WL 2810286, *2 (7th Cir. April 6, 2023) ("A sentence does not begin before it is imposed, and we are aware of no statute authorizing a judge to set retroactive starting dates."); *see also Manuel v. Terris*, 803 F.3d 826, 828 (7th Cir. 2015) ("[T]he state having already given him that credit against his state sentence, the [BOP] was forbidden by 18 U.S.C. § 3585(b) to credit that period against his federal sentence as well."); (Docs. 16, pgs. 8-10; 16-2, pg. 4).

### III. CONCLUSION

Petitioner's Amended Petition is **DENIED**. This action is **DISMISSED with prejudice**. The Clerk of the Court is **DIRECTED** to enter judgment and to close the case.

**SO ORDERED.**

Dated: March 24, 2026

s/ *David W. Dugan*

DAVID W. DUGAN
United States District Judge